IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01929-WYD-OES

STEPHEN THENE SPARKS,

Plaintiff,

v.

LT. FOSTER, Arkansas Valley Correctional Facility;
LT. SMELTZER, Limon Correctional Facility;
LT. SKIP STRODE, Limon Correctional Facility;
LT. ERIC HOFFMAN, Sterling Correctional Facility;
LT. NEAL MAGELSON, Sterling Correctional Facility;
CAPT. MICHELLE NYCZ, Sterling Correctional Facility;

Defendants.

## RECOMMENDATION FOR DISMISSAL

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

### INTRODUCTION

Before me is defendants' Motion For Summary Judgment. This case has been referred to me under a general Order of Reference, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and Fed.R.Civ.P. 72(a)&(b), to include making recommendation on matters such as defendants' motion. The parties' rights to seek review or reconsideration of this recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72." As the discussion to follow will indicate, I recommend that defendants' motion be granted, in part, resulting in the dismissal of this action without prejudice.

## BACKGROUND

Plaintiff is a state prisoner, in the custody of the Colorado Department of Corrections ("CDOC") and is currently housed at the Arkansas Valley Correctional Facility ("AVCF").  Plaintiff filed an Amended Complaint on October 17, 2003, in which he raised three claims asserting that defendants had violated his rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983, for which he would be entitled to damages and injunctive relief.  The claims raised by the plaintiff concern allegations that (1) defendants denied him his Fourteenth Amendment rights, because they accused him of and labeled him as a gang member without affording him procedural due process, (2) defendants denied him his Sixth Amendment rights because they refused to allow him to prove he is not a gang member, and (3) defendants subjected him to cruel and unusual punishment by identifying him as a member of "the Family," which is a gang-related organization.

Based upon a Motion To Dismiss filed by the defendants in response to the Amended Complaint, and my Recommendation concerning the arguments raised in the motion, the Honorable Wiley Y. Daniel issued an Order on February 4, 2005, dismissing Claims One and Two of the Amended Complaint in their entirety.  Under the same Order, the plaintiff was allowed to  proceed with his third claim as far as it sought injunctive or declaratory relief against defendants who are located at the same correctional facility as the plaintiff, and against the defendants in their individual capacities for nominal or punitive damages.

Defendants have now filed a Motion For Summary Judgment which argues that

plaintiff has failed to exhaust his administrative remedies with regard to his remaining claim, that he has failed to state a claim under the Eighth Amendment, that his claim for injunctive relief is moot, that plaintiff has failed to allege the personal participation by defendants Foster, Smelzer, Strode, and Hoffman necessary to establish liability, and that the defendants are entitled to qualified immunity.  Plaintiff has responded to the motion, and this matter is ripe for determination.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996) (*quoting* Fed.R.Civ.P. 56(c)).  The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

The party moving for summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the nonmoving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party to establish the existence of an essential element of the claims on which they bear the burden of proof at trial. Id.  "While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the nonmovant's claim." Jenkins, 81 F.3d at 990.

To satisfy his or her burden, the nonmoving party must go beyond the pleadings

and designate specific facts to make a showing that there is a genuine issue for trial. Ford v. West, 222 F.3d 767, 774 (10th Cir. 2000) (*quoting* McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998)).  In order to successfully resist summary judgment, there must be sufficient evidence on which a jury could reasonably find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).  "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant."  Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997).

Because the plaintiff is proceeding without counsel, the court must construe his pleadings and other filings liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be the *pro se* litigant's advocate.  Hall, 935 F.2d at 1110.

## DISCUSSION

Defendants argue that the plaintiff has failed to exhaust his administrative remedies with regard to his remaining claim brought under the Eighth Amendment.  In this regard, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Supreme Court has held that § 1997e(a) makes exhaustion

"mandatory" for all "inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002); see, also, Booth v. Churner, 532 U.S. 731 (2001). "Resort to a prison grievance process must precede resort to a court." Porter, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action. Booth, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, and understood his claim to be non-grievable, exhaustion is required. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003). Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective. Booth, 532 U.S. at 740.

Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant. Steele, 355 F.3d at 1209. Rather, exhaustion of administrative remedies is an essential allegation of a prisoner's claim, and an essential element of proof in the face of a motion for summary judgment or at trial. Id.

Here, plaintiff alleges in his Amended Complaint that "classification issues can not be Grieved; which allows complaint to move straight to court." AMENDED COMPLAINT, Docket #5, p. 7. In his response to the defendants' Motion For Summary Judgment, the only reference he makes to accessing the prison grievance system prior to the filing of this lawsuit is with regard to filing a "grievance against (then captain)

Kelvin Milvard in 1996/97 while at AVCF." MOTION TO DENY DEFENDANT(S) MOTION FOR SUMMARY JUDGMENT, Docket #64, p. 5. Plaintiff has presented no evidence or well-pled facts, or facts from which it can be inferred, to demonstrate that he utilized or attempted to utilize the prison grievance system to address the issue presented in Claim Three of his Amended Complaint alleging an Eighth Amendment violation based on his identification as a member or leader of a gang. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

The undisputed facts in the record demonstrate that plaintiff did not exhaust the administrative remedies concerning his remaining claim in this action. Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." Jernigan v. Stuchell, 304 F.3d 1030, 1033 (10th Cir. 2002). If plaintiff should now attempt to rectify his failure to fully exhaust his administrative remedies by submitting grievances in this regard, they would most likely be barred as untimely. See MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, Docket #61, p. 8 (applicable CDOC regulations require a prisoner to file a grievance no later than 30 days "from the date the prisoner knew or should have known of the facts giving rise to the grievance"). The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether

a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . ." Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. Id.

Accordingly, plaintiff has not exhausted his administrative remedies with regard to Claim Three contained in the Amended Complaint. In Ross, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." Ross, 365 F.3d at 1190. Plaintiff has clearly made no attempt to exhaust Claim Three in this lawsuit. Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies as directed by Ross is warranted and consideration of the defendants' remaining arguments for summary judgment unnecessary.

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby

**RECOMMENDED** that the Defendants' Motion For Summary Judgment [Filed May 12, 2005; Docket #60] be **GRANTED**, in part, and that this lawsuit be dismissed without

prejudice in its entirety based upon plaintiff's failure to exhaust his administrative remedies.

Dated at Denver, Colorado, this 1st day of December, 2005.

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).