IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-01929-WYD-MEH

STEPHEN THENE SPARKS,

    Plaintiff,

v.

LT. FOSTER, Arkansas Valley Correctional Facility,
LT. SMELTZER, Limon Correctional Facility,
LT. SKIP STRODE, Limon Correctional Facility,
LT. ERIC HOFFMAN, Sterling Correctional Facility,
Lt. NEAL MAGELSON, Sterling Correctional Facility,
CAPT. MICHELLE NYCZ, Sterling Correctional Facility,

    Defendants.
_____

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATIONS**
_____

THIS MATTER is before the Court on Plaintiff's Motion to Amend and Add Party Pursuant to Rule 15(c)2 [sic] and Rule 21 (#65), filed on June 1, 2005, and Defendants' Motion for Summary Judgment (#60), filed on May 12, 2005.  These matters were referred to Magistrate Judge O. Edward Schlatter for a recommendation by Order of Reference dated December 19, 2003.  I will address each of these motions separately below.  I will also grant Plaintiff's Motion to Amend Objection of Magistrate Recommendation for Denial (#70), filed on June 24, 2005, which corrects a mistake in his objection.

**I.**    <u>**PLAINTIFF'S MOTION TO AMEND AND ADD PARTY**</u>

In Plaintiff's Motion to Amend and Add Party, filed on June 1, 2005, Plaintiff

asked this Court to add nine new defendants to this action under FED. R. CIV. P. 15(c)(2) and Rule 21.  Plaintiff alleged that the proposed nine new defendants participated in new incidents of retaliation against him.  Judge Schlatter issued a Recommendation for Denial of Motion to Amend on June 6, 2005, which is incorporated herein.  *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b); D.C.COLO.LCivR. 72.1.  Magistrate Judge Schlatter recommends therein that Plaintiff's Motion to Amend and Add Party be denied for a number of reasons.  I agree with Magistrate Judge Schlatter's Recommendation for the reasons noted in this order.

Plaintiff asserted that he should be permitted to amend his pleadings and add new parties to the action based on FED. R. CIV. P. 15(c)(2) and 21.  Rule 15(c)(2) explains when an amendment relates back to the date of the original pleadings.  *See* FED. R. CIV. P. 15(c)(2).  Rule 15(a), not Rule 15(c)(2), guides whether a party may amend its pleadings.  It provides that a party may amend its pleadings once as a matter of course before responsive pleadings are filed and, thereafter, only upon leave of the court or written consent of the adverse party.  *See* FED. R. CIV. P. 15(a).  Plaintiff filed his original Complaint on September 30, 2003, and an Amended Complaint on October 17, 2003.  Plaintiff, therefore, cannot further amend his Amended Complaint as a matter of right.  He may only amend with this Court's permission or Defendants' written consent.  Moreover, "an amendment changing parties requires leave of the court even though made at a time when Rule 15 indicates it could be done as of course."  7 Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d* § 1688 (2001).  Thus, Plaintiff may not add parties to the action without leave of the Court.

Even if Plaintiff requested permission to add parties, I must consider the impact of Rule 21. It authorizes a court, upon its own initiative or by a party's motion, to drop parties when the claims asserted against them do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *See* FED. R. CIV. P. 21; *see also* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001). Parties that meet either of the above conditions may be added to the action under Rule 20, which governs permissive joinder. *See* FED. R. CIV. P. 20; *see also* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001). If, however, a party fails to satisfy either of the preconditions for permissive joinder, the parties are misjoined. *See* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1683 (2001).

In the current case, Plaintiff attempts to add parties that were not involved in the same transactions or occurrences complained of in the original and amended complaints, and the claims against the proposed defendants do not include a question of law or fact common to the claims against the original defendants. Thus, joinder of the proposed defendants to the current action would be misjoinder and improper. Because joinder of the proposed defendants would be improper, I deny Plaintiff's Motion to Amend and Add Party.

**II.     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    A.     Introduction

Defendants' Motion for Summary Judgment, filed on May 12, 2005, was referred to Magistrate Judge Schlatter, who issued a Recommendation For Dismissal on

December 1, 2005, which is incorporated herein by reference ("Recommendation"). *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b); D.C.COLO.LCivR. 72.1. Magistrate Judge Schlatter recommends therein that Defendants' Motion for Summary Judgment be granted, in part, and that the action be dismissed without prejudice in its entirety because Plaintiff failed to exhaust available administrative remedies. Recommendation at 7-8. The Recommendation advised that written objections were due within ten days after service of the Recommendation. *Id.* at 9. On December 20, 2005, Plaintiff filed Plaintiff's Objection to Magistrates Recommendation to Grant Summary Judgment and Dismiss Without Prejudice ("Plaintiff's Objection"), which I will deem as timely. This necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

B.   Background

Plaintiff filed a *pro se* Complaint on September 30, 2003, and then filed an Amended Complaint on October 17, 2003, asserting three claims against numerous Colorado correctional facility officers. Defendants filed a Motion to Dismiss on March 4, 2004. After reviewing Magistrate Judge Schlatter's Recommendation For Partial Dismissal, I dismissed Plaintiff's first two claims in their entirety on February 4, 2005. Plaintiff's remaining claim alleges an Eighth Amendment violation based on Defendants' alleged deliberate indifference to his safety by labeling him a gang member and putting him in direct contact with rival gang members.

Defendants filed a Motion for Summary Judgment on May 12, 2005. In

Defendants' Memorandum Brief in Support of Defendants' Motion for Summary Judgment, filed on May 9, 2005, Defendants argue that Plaintiff's remaining claim should be dismissed because Plaintiff failed to exhaust available administrative remedies, Plaintiff failed to state a claim under the Eighth Amendment, Plaintiff's claim for injunctive relief is moot, Plaintiff failed to allege the personal participation by Defendants Foster, Smelzer, Strode, and Hoffman necessary to establish liability, Defendants are entitled to qualified immunity, and Plaintiff failed to state a claim for punitive damages.  Plaintiff filed a Motion to Deny Defendant(s) Motion for Summary Judgment on June 1, 2005, which I treat as a Response to Defendants' Motion for Summary Judgment.  Plaintiff's Response outlines summary judgment and Eighth Amendment case law and comments on why his safety is at risk, but it fails to show that he exhausted available administrative remedies.

On December 1, 2005, Magistrate Judge Schlatter recommended that Defendants' Motion for Summary Judgment be granted, in part, and that the action be dismissed without prejudice in its entirety because Plaintiff failed to exhaust available administrative remedies.  Recommendation at 7-8.  Defendants' remaining arguments for summary judgment were not considered.  *Id.* at 7.  Plaintiff filed his objection to the Magistrate Judge's Recommendation on December 20, 2005, alleging that he attempted to exhaust administrative remedies by requesting review of his complaints by Case Manager Olsen, Head Case Manager Clarkson, and assistant Warden Soares.  *See* Pl.'s Objection at 2.  Defendants filed a Response to the Objection on January 3, 2006.

C.     Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)).  The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

The party moving for summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the nonmoving party's claims.  *See Celotex Corp.*, 477 U.S. at 325.  The burden then shifts to the nonmoving party to establish the existence of an essential element of the claims on which they bear the burden of proof at trial.  *See id.* at 322.  To satisfy his or her burden, the nonmoving party "must 'go beyond the pleadings' and 'designate specific facts' to 'make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000) (quoting *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)).  Plaintiff is proceeding without counsel, and, thus, the court must construe his pleadings and other filings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

In determining whether summary judgment is appropriate, I am governed by the Prison Litigation Reform Act, which requires prisoners to exhaust available

administrative remedies before bringing an action under 42 U.S.C. § 1983 in federal court.  *See* 42 U.S.C. § 1997e(a); *see generally Porter v. Nussle*, 534 U.S. 516 (2002).  Exhaustion of administrative remedies is required even when the available remedies appear futile (*see Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)) or the prisoner believes his claim is non-grievable.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003).

To survive summary judgment, there must be evidence in the prisoner's complaint that he exhausted his administrative remedies. *See Steele*, 355 F.3d at 1209, 1211.  Although Plaintiff attached three Colorado Department of Corrections Offender Grievance Forms to his Response to Defendants' Motion for Summary Judgment, none of the forms alleged grievances related to Plaintiff's claim that Defendants were deliberately indifferent to his safety.  No other Colorado Department of Corrections Offender Grievance Forms are found within the pleadings.  Without grievance forms relating to Plaintiff's claim that Defendants were deliberately indifferent to his safety, I cannot conclude that Plaintiff exhausted the available administrative remedies.  Plaintiff's claim that he requested review of his complaints by Case Manager Olsen, Head Case Manager Clarkson, and assistant Warden Soares, does not satisfy the exhaustion requirement.  Exhaustion of available administrative remedies requires that he file an inmate grievance and seek intermediate and final administrative review if the prison authorities deny the requested relief.

I find that Defendants have satisfied their burden as the moving party by demonstrating that Plaintiff's pleadings lack evidence that he exhausted available

administrative remedies. Plaintiff failed to satisfy his burden as the nonmoving party because he did not produce evidence of exhaustion, such as grievance forms relating to his claim that Defendants were deliberately indifferent to his safety. Because Plaintiff failed to produce evidence that he exhausted available administrative remedies, there is no genuine issue of material fact. Therefore, I agree with Magistrate Judge Schlatter's recommendation that summary judgment be granted and this action be dismissed without prejudice. I also agree with Magistrate Judge Schlatter's conclusion that it is unnecessary to consider Defendants' remaining arguments for summary judgment.

### III.     CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Schlatter, dated June 6, 2005, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Motion to Amend and Add Party Pursuant to Rule 15(c)2 and Rule 21 (#65), filed June 1, 2005, is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion to Amend Objection (#70) is **GRANTED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Schlatter, dated December 1, 2005, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (#60),

filed May 12, 2005, is **GRANTED**, in part, and the case is **DISMISSED WITHOUT PREJUDICE**.

Dated: February 21, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge